```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Greg Hubbard

    v.                                  Civil No. 10-cv-365-LM

Tyco Integrated Cable
Systems, Inc.


<u>O R D E R</u>

Before the court is a motion to compel, document no. 28, in which defendant, Tyco Integrated Cable Systems, Inc. ("Tyco"), seeks to compel plaintiff Greg Hubbard to submit to an examination by its "vocational expert."  The parties were heard by telephone on April 12, 2013.  For the reasons explained below, the motion is granted in part and denied in part.

Under the Federal Rules of Civil Procedure, the court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).

> A motion to compel an independent medical examination must be based on good cause and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2).  As the rule suggests, the party seeking to compel an examination under Rule 35 bears the burden of establishing that

> the party's physical condition is in controversy and that good cause exists to compel the examination. <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118-19 (1964); <u>Flanagan v. Keller Prods., Inc.</u>, 2001 WL 1669379, at *1 (D.N.H. Dec. 18, 2001).
>
> A party's physical condition is in controversy if it is asserted in support of or in defense to a claim. <u>Schlagenhauf</u>, 379 U.S. at 119. Good cause may be demonstrated by showing that the information cannot be obtained by other means and by showing a reasonable basis to believe that an examination will provide material information. <u>Robinson v. Miller</u>, 2011 WL 2669304, at *2 (D. Me. July 7, 2011); see also <u>Yarosevich v. Toyota Indus. Corp.</u>, 2008 WL 2329331, at *1-*2 (D.N.H. June 5, 2008).

<u>United States v. Dr. Michael J. O'Connell's Pain Care Ctr.</u>, No. 11-cv-278-JD, 2012 WL 405483, *1 (D.N.H. Feb. 8, 2012).

Plaintiff has sued defendant alleging claims of employment discrimination. This discovery dispute concerns plaintiff's claim for back wages for a time period of approximately one and one-half years: from the date of his termination by Tyco (February 12, 2009) through the date on which the Social Security Administration declared him totally disabled (April 1, 2011). Defendant disputes the extent to which plaintiff mitigated his damages during that time frame.

On February 23, 2012, plaintiff provided defendant with his economic expert's report calculating his back pay. In June and July 2012, defendant deposed plaintiff for twelve hours over two days. On January 13, 2013, fact discovery closed. On April 1,

2013, shortly before the expert disclosure deadline (April 13, 2013), defendant communicated to plaintiff its desire that plaintiff submit to a vocational examination by defendant's as yet undisclosed vocational expert.  According to defendant, its expert needed further information from plaintiff in order to finalize his report.  Specifically, the expert needed to know about any jobs plaintiff had applied for, and what type of work plaintiff was able to perform, during the relevant time frame. Defendant had specifically inquired about both these matters during plaintiff's deposition.  To the extent defendant was dissatisfied with plaintiff's answers, defendant could have pursued further fact discovery from plaintiff before the close of discovery.

Defendant's expert has multiple other sources of discovery from which to draw conclusions about plaintiff's ability to work during the relevant time.  In addition to plaintiff's deposition, defendant's expert has access to nearly all of plaintiff's medical records, plaintiff's answers to interrogatories, and plaintiff's complete Social Security Administration file.  Additionally, defendant has deposed three of plaintiff's treating physicians.  In short, defendant has not

shown "good cause" for a Rule 35 exam. See Yarosevich v. Toyota Indus. Corp., No. 05-cv-182-JD, 2008 WL 292933, at *2 (D.N.H. June 5, 2008) (holding "good cause" not established for vocational examination where defendant deposed plaintiff, received answers to interrogatories and received plaintiff's medical and employment records). As Magistrate Judge Muirhead observed in Yarosevich, defendant's vocational expert should have had everything he needed to perform a proper vocational assessment in that case "assuming defense counsel ha[d] done his job in discovery . . . ." Id. In short, a party may not use Rule 35 to seek fact discovery that it should have sought from a witness before the close of discovery.

Although the court denies defendant's request for an examination, I find good cause (for reasons addressed during the telephone conference) to permit defendant a brief extension of its deadline for expert disclosure. Accordingly, the expert disclosure deadline (currently April 13, 2013) is extended ten days, until April 23, 2013, to permit defendant's proffered vocational expert to finalize his report, and the expert discovery deadline is extended until May 3, 2013, for the sole

4

purpose of allowing plaintiff to conduct discovery about defendant's vocational expert.

    SO ORDERED.

                                  _____
                                  Landya B. McCafferty
                                  United States Magistrate Judge

April 12, 2013

cc:  Michael S. McGrath, Esq.
     Danielle Y. Vanderzanden, Esq.